**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELANIE ANSOLABEHERE, | Case No.: 1:19-cv-01017 NONE JLT |
| Plaintiff, | |
| v. | ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE |
| DOLLAR GENERAL CORP., et al., | (Doc. 17) |
| Defendants. | |

The parties have stipulated to amend the case schedule. Their only bases for the amendment is the COVID-19 pandemic and because the plaintiff's treatment is ongoing (Doc. 17). This is insufficient.

Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations, Inc</u>., 975 F.2d 604, 610 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . If that party was not diligent, the inquiry should end.

<u>Johnson</u>, at 609. Parties must "diligently attempt to adhere to that schedule throughout the

1

1  subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal.
2  1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).

3  　　　　The stipulation fails to detail any of the discovery conducted or that which remains to be
4  done. It does not describe whether the plaintiff is expected to become permanent and stationary
5  within a reasonable time, why they were unaware of the ongoing nature of the plaintiff's treatment
6  at the time the Court scheduled the case or when they discovered this circumstance. The Court
7  notes that the it issued the scheduling order ten months ago, and in that order, the Court informed
8  them, "**The dates set in this order are firm and will not be modified absent a showing of good**
9  **cause even if the request to modify is made by stipulation. Stipulations extending the**
10 **deadlines contained herein will not be considered unless they are accompanied by affidavits**
11 **or declarations, and where appropriate attached exhibits, which establish good cause for**
12 **granting the relief requested**." Doc. 9 at 8, emphasis in the original.  Thus, they have not
13 demonstrated good cause to amend the case schedule.

14 　　　　The Court notes also that one deadline they seek to amend has lapsed and another will
15 lapse this week. (Doc. 17) The scheduling order warns against attempting to amend case deadlines
16 close to their expiration. The order reads, "**No motion to amend or stipulation to amend the case**
17 **schedule will be entertained unless it is filed at least one week before the first deadline the**
18 **parties wish to extend**." (Doc. 9 at 4, emphasis in the original.)  The position of counsel that they
19 can extend a deadline after it has passed is unsupported by legal authority.

20 　　　　Notably, in part, the "good cause" standard requires the parties to demonstrate that
21 "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent
22 efforts to comply, because of the development of matters which could not have been reasonably
23 foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D.
24 at 608, emphasis added. The stipulation fails to recite any basis for the Court to conclude that the
25 deadlines could not have been met. The COVID-19 pandemic has presented challenges without
26 doubt.  However, meeting these challenges requires conducting discovery in non-traditional ways.
27 The stipulation fails to demonstrate that counsel attempted alternative methods or that these
28 methods were not appropriate to the case.

Moreover, before the pandemic struck in earnest, back in March, the Court admonished counsel to redouble their efforts to discover the case. (Doc. 16) The Court ordered, "The Court notes from the joint report (Doc. 14 ), that the parties have completed little discovery since the case was scheduled five months ago. Counsel SHALL redouble their efforts to complete non-expert discovery within the current deadline because, based upon what appears to be a lack of diligence in the discovery process, the Court does not anticipate that the parties will be entitled to an extension of these deadlines." (Doc. 16) It appears they did not take this reminder to heart.  In any event, because the stipulation utterly fails to demonstrate good cause to amend the case schedule, it is **DENIED**.

IT IS SO ORDERED.

Dated:     **September 1, 2020**                      **/s/ Jennifer L. Thurston**
                                                                           UNITED STATES MAGISTRATE JUDGE