UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE ANSOLABEHERE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOLLAR GENERAL CORP., et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-01017 NONE JLT<br><br>ORDER GRANTING DEFENDANT'S APPLICATION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION<br><br>(Doc. 23) |

Melanie Ansolabehere reports that she slipped and fell while inside a Dollar General Market Store and seeks to hold the defendant liable for negligence and premises liability. (*See* Doc. 1 at 9.) Defendant asserts Plaintiff made an untimely expert disclosure and seeks to strike the expert designated by Plaintiff to testify regarding the "the condition of the store's floor and reconstruct the mechanics of plaintiff's slip and fall." (Doc. 23 at 10.) Plaintiff opposes the motion, asserting the delay was substantially justified and harmless to Defendant. (Doc. 33.) For the reasons set forth below, Defendant's application to strike the expert, Brad Avrit, is **GRANTED**.

**I.     Background**

Plaintiff alleges that on June 16, 2017, she visited the Dollar General Market Store #14019, located at 3030 Brundage Lane in Bakersfield, California. (Doc. 1 at 11, ¶ 9.) According to Plaintiff, when she "was walking the suntan and locations aisle of Defendant's premises, she slipped and fell due to the liquid substance on the floor." (*Id.*, ¶ 10.) She asserts that she "sustain[ed] serious injuries and

damages" as a result of the fall.  (*Id.*)

On May 30, 2019, Plaintiff filed a complaint in Kern County Superior Court, Case No. BCV-19-101500 for premises liability and negligence against Dollar General Corp., Dollar General Store #14109, LLC; and RU Dollar General Bakersfield, LLC.  (Doc. 1 at 9.)  On June 25, 2019, Dollar General Corporation filed its answer to the complaint, noting it had been erroneously sued as Dollar General Store #14109, LLC and RU Dollar General Bakersfield, LLC.  (*Id.* at 17.)  Dollar General Corporation filed a Notice of Removal under 28 U.S.C. § 1441(b) on July 25, 2019, thereby initiating the action before this Court.

The Court held a scheduling conference with the parties on October 22, 2019 and issued its Scheduling Order on October 23, 2019.  (Docs. 8, 9.)  Based upon the deadlines proposed by the parties, the Court ordered all non-expert discovery to be completed no later than August 28, 2020, and all expert discovery completed no later than October 16, 2020.  (Doc. 9 at 1; *see also* Doc. 7 at 8.)  Any experts were to be disclosed in writing on or before September 4, 2020, and all rebuttal experts disclosed no later than September 25, 2020.  (Doc. 9 at 3.)  The Court informed the parties:

> The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

(*Id.* at 8, emphasis omitted.)  In addition, the Court informed the parties that "[n]o motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend." (*Id.* at 4, emphasis omitted.)

On March 10, 2020, the parties filed their "Joint Mid-Discovery Status Report."  (Doc. 14.)  At that time, Plaintiff reported she had noticed the deposition of Defendant's Person Most Knowledgeable and was planning "to depose two former employees of the Defendant, the store manager at the time of the incident and a cashier." (*Id.* at 2.)  Plaintiff indicated she "anticipate[d] further written discovery requests" but made no mention of experts.  (*See id.*)  The Court reviewed the information provided and noted "the parties have completed little discovery since the case was scheduled five months ago." (Doc. 16.)  On March 11, 2020, the Court ordered: "Counsel SHALL redouble their efforts to complete non-expert discovery within the current deadline because, based upon what appears to be a lack of

diligence in the discovery process, the Court does not anticipate that the parties will be entitled to an extension of these deadlines." (*Id.*)

On September 1, 2020, the parties filed a stipulation to amend the case schedule—including the non-expert and expert discovery deadlines—reporting there was good cause for the requested extensions due to the COVID-19 pandemic and Plaintiff's ongoing treatment. (Doc. 17 at 2.) The Court found the information provided failed to demonstrate that the parties attempted to engage in discovery, or "recite any basis for the Court to conclude that the deadlines could not have been met." (Doc. 18 at 2.) Because the parties did not demonstrate good cause, the Court decline to amend the case schedule. (*Id.* at 3.)

Defendant filed an unopposed ex parte application to continue the scheduling order deadlines, reporting difficulty with discovery due to the business' "classification as a critical infrastructure business" during the pandemic, and with COVID-19 restrictions making "in-personal medical examinations difficult." (Doc. 19 at 2.) On September 29, 2020, the Court held an informal telephonic conference with the Court regarding the application. (Doc. 21.)

On September 30, 2020, the Court issued an order granting the ex parte application to amend the case schedule. (Doc. 22.) The Court found "[c]ounsel in this case have not acted in a diligent fashion in discovering this case." (*Id.* at 1.) The Court explained the request to amend the discovery deadlines was granted "only because the independent medical examinations could not occur due to the COVID-19 pandemic no matter their level of diligence." (*Id.*) Further, the Court extended the deadlines beyond those requested in anticipation of medical examinations may be more problematic than expected. (*Id.* at 1, n.2.) Accordingly, the Court ordered the parties to complete all non-expert discovery no later than January 29, 2021. (*Id.*) In addition, the Court ordered the parties to disclose any experts no later than February 12, 2021, to disclose any rebuttal experts by March 12, 2021, and to "complete all expert discovery no later than April 16, 2021." (*Id.* at 1-2.) The Court also continued the deadline to file non-dispositive motions to April 30, 2021, the filing deadline for dispositive motions to June 18, 2021, and the trial to November 16, 2021. (*Id.* at 2.)

On February 12, 2021, Plaintiff served an "Expert Disclosure" in which she indicated that she retained the following experts: Stephen Grifka, M.D.; Kevin Aminian, M.D.; David Lechuga, Ph.D.;

Jonathan Frank, M.D.; Kambiz Kashfian, DDS; and Brad Avrit, P.E., a Civil Engineer and Safety Expert. (Doc. 33 at 3.) Plaintiff reports the "Expert Disclosures had all expert reports attached except a report from her safety/liability expert, Brad Avrit." (*Id.*) According to Plaintiff, "Mr. Avrit was unable to provide a report of all his opinions without conducting an inspection of Defendants' floors." (*Id.*)

On March 22, 2021, Defendant filed an ex parte application seeking to strike Mr. Avrit as an expert. (Doc. 23; *see* Doc. 30 at 3, ¶¶ 7-10.) While the application was pending, "Plaintiff's expert conducted a site inspection unilaterally," and Plaintiff's counsel emailed a DropBox link to Mr. Avrit's report on March 31, 2021. (Doc. 33 at 10, ¶ 11; *see also* Doc. 34-1 at 2.) On April 2, 2021, Plaintiff filed her opposition to the request to strike, asserting the late disclosure was substantially justified or harmless. (Doc. 33 at 4-7.) Defendant filed a reply on April 9, 2021. (Doc. 35.)

**II.      Legal Standard**

Under the Federal Rules, if "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," a witness qualified "by knowledge, skill, experience, training, or education" may give an expert opinion. Fed. R. Evid. 702. A party must disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). If the expert witness is retained or specially employed to provide expert testimony, the disclosure must include a report that is prepared and signed by the expert. Fed. R. Civ. P. 26(a)(2)(B). These disclosures must be made at the times and in the sequence that the Court orders. Fed. R. Civ. P. 26(a)(2)(C).

A party's failure to comply with the rules regarding expert witnesses exposes that party to sanctions under Federal Rule of Civil Procedure 37(c). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth" to the disclosure requirements. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing *Ortiz- Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)). This Rule provides that a party who fails to provide required information under Rule 26(a) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Significantly, Rule 37(c)(1) is "self-executing and automatic." *Rhodes v. Sutter*

*Health*, 949 F.Supp.2d 997, 1010 (E.D. Cal. 2013) (internal quotation marks omitted); *see also Christensen v. Goodman Distrib.*, 2021 WL 71799 at *2 (E.D. Cal. Jan. 8, 2021) (observing that the "Federal Rules Advisory Committee described [Rule 37(c)(1) as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material'"). The burden is on the party facing exclusion of its expert's testimony to prove the delay was substantially justified or harmless." *Goodman v. Staples The Office Superstore, L.L.C.*, 644 F.3d 817, 827 (9th Cir. 2011), citing *Yeti by Molly, Ltd.*, 259 F.3d at 1107.

### III.     Discussion and Analysis

Pursuant to the terms of the Court's amended scheduling order, the parties were ordered to complete all non-expert discovery no later than January 29, 2021, and all expert discovery no later than April 16, 2021. (Doc. 22 at 1.) Further, the parties were ordered "to disclose their experts no later than February 12, 2021 and any rebuttal experts by March 12, 2021." (*Id.* at 2.) It is undisputed that Plaintiff did not produce the report of her safety and liability expert, Brad Avrit, until March 31, 2021—after the deadline imposed by the Court. (*See* Doc. 33 at 10, ¶ 11; *see also* Doc. 34-1 at 2.) Thus, the Court must determine whether Plaintiff carries the burden to show this failure was substantially justified or harmless.

#### A.     Substantial Justification

Plaintiff asserts that the "non-disclosure by the deadline was justified due to the difficulties Plaintiff's firm was facing with the sudden and simultaneous loss of two associates, the time to replace those associates, limited access to files and emails from home, and the struggles of Mr. Doddy resulting in his lack of diligence in pursuing an inspection of the premises." (Doc. 33 at 5.)

Plaintiff reported that "[i]n November of 2020, Mr. James Doddy, an associate at Plaintiff's counsel's firm, assigned to the handling of this matter, departed from the firm after months of limited activity due to struggles with personal and family issues." (Doc. 33 at 2.) Plaintiff reports:

> Plaintiff's counsel's firm was forced to go through more than 60 files that were assigned to Mr. Doddy and review all documents and communication to get up to speed. This happened around the same time another associate at the firm, Stephan Chichportich got married and moved to Idaho leaving behind more than 70 files. Plaintiff counsel's firm had to quickly find a replacement for the two associates and attempt to get up to speed with all the files that had been left behind. Given everyone worked remotely with limited access to files and emails, this task proved to be very difficult and time consuming. Unfortunately, Plaintiff's counsel's firm did not realize

5

that an inspection of the premises by Plaintiff's expert had not taken place until after the discovery cutoff when Plaintiff was attempting to collect her experts' reports.

(*Id.* at 2, citing Grigoryan Decl. ¶ 4.)

Plaintiff fails to provide specific information regarding the dates the above events occurred. For example, there is no information regarding when Mr. Chichportich left the firm—such as whether it was before Mr. Doddy or after—or whether their respective departures were not anticipated by the firm. Moreover, Mr. Doddy was not the sole attorney of record on this action. Mr. Joseph Farzam has been an attorney of record and received notification of all documents and deadlines ordered by the Court since the inception of the case. There is no explanation offered why Mr. Farzam was unaware that an inspection of the premises had not occurred "until after the discovery cutoff," or why Mr. Farzam failed to monitor the case and its deadlines, despite that he was counsel of record. This failure to monitor compliance with the Court's scheduling order does not constitute a substantial justification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F,2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril") (citation omitted).

Likewise, there is no information provided as to why Plaintiff failed to notify the Court of the alleged difficulties related to meeting the expert disclosure deadline. Instead, Plaintiff simply disregarded the Scheduling Order and waited until *after* the defendant filed the motion to strike to perform a unilateral inspection of the premises and provide the report from Mr. Avrit. Counsel proceeded at their own peril in failing to request an extension of time from the Court, and in assuming the expert report provided nearly seven weeks after the deadline would be acceptable. Under these circumstances, the Court is unable to conclude the delay was substantially justified. *See Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (noting the plaintiff could have requested an extension of the court's deadlines, and excluding expert testimony when the report was provided approximately 40 days after the deadline); *see also Christensen v. Goodman Distrib.*, 2021 U.S. Dist. (E.D. Cal. Jan. 8, 2021) (observing that the plaintiff failed to "proactively seek[] modification of the scheduling order to accommodate the delays encountered," including those related to the pandemic); *Schuette v. City of Phoenix*, 2010 WL 1253193, at *3 (D. Ariz. Mar. 25, 2010)

(untimely disclosure not justified where plaintiff notified defendant that his expert report would be late, but failed to ask the court for an extension).

### B. Harmlessness

Plaintiff's failure to produce a timely expert report was also not harmless. Plaintiff argues that the discovery schedule allows the parties ample time before trial to cure any prejudice caused by the late expert report, because the trial date was "228 days" from the date the opposition was filed. (Doc. 33 at 6.) She asserts, "Since Plaintiff already conducted a site inspection and emailed Mr. Avrit's report to Defendants, Defendants have more than enough time to provide plaintiff's liability expert report to their expert to formulate rebuttal opinions and further supplement their Expert Disclosures before the trial date if necessary." (*Id.*)

Importantly, Plaintiff's argument ignores the fact that the time to make rebuttal expert disclosures had also expired when Mr. Avrit conducted his site inspection and Plaintiff provided the report to Defendant. Further, Plaintiff's delay resulted in her expert having the opportunity to examine and rebut the report offered by the expert timely disclosed by Defendant. Previously, this Court observed that such action is not harmless, because it results in "a significant litigation advantage." *Zone Sports Ctr. LLC v. Nat'l Surety Corp.*, 2012 WL 1969048 at *3 (E.D. Cal. May 31, 2012) ("Not only have Defendant's delays effectively precluded Plaintiff from designating rebuttal expert testimony, but also Defendant's experts have had the opportunity to examine and rebut the opinions set forth by Plaintiffs' experts in their initial reports. This is a significant litigation advantage.")

Although it is true that the trial is not scheduled until November 16, 2021, other deadlines are far closer as any non-dispositive motions must be filed no later than April 30, 2021 and any dispositive motions no later than June 18, 2021. These filing deadlines—particularly the dispositive motions—must be enforced for the Court to have sufficient time to address any motions prior to the scheduled pre-trial hearing and trial. The Ninth Circuit recognized that such "[d]isruption to the schedule of the court and other parties … is not harmless." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). As a result, the Ninth Circuit and district courts have determined that a late disclosure is not harmless where it would likely require court to create a new briefing schedule and re-open discovery. *See, e.g.*, *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821-22 (9th Cir. 2019) (late

disclosure was not harmless because it disrupted the schedule of both the defendant and the court); *Nat'l R.R. Passenger Corp. v. Young's Commercial Transfer, Inc.,* 2016 WL 1573262, at *6 (E.D. Cal. Apr. 19, 2016) (excluding testimony where discovery had closed); *Perez v. McNamee*, 2007 WL 2255228, at *1-2 (N.D. Cal. Aug. 3, 2007) (disclosure of an expert report forty days after the deadline for expert disclosures set in the court's scheduling order was not harmless); *Reilly v. Wozniak*, 2020 (D. Az. Mar. 10, 2020) (finding a delay was not harmless where new deadlines for expert discovery would be required, "even where… the trial date is not imminent); *Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 657936 (W.D. Wash. 2008) (delay was not harmless because discovery would need to be reopened). Consequently, the Court finds Plaintiff's delay in providing the report required under Rule 26(a) was not harmless.

### C. Exclusion of the Expert Testimony

As noted above, Rule 37 is "self-executing." *Rhodes*, 949 F.Supp.2d at 1010. Nevertheless, the Ninth Circuit determined that prior to excluding expert testimony under Rule 37(c)(1), the court should consider five factors: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; [and] 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir. 1997), citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

#### 1. Public interest and the Court's docket

The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of striking the expert report of Mr. Avrit and not extending the deadlines to cure Plaintiff's delay. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (the public's interest in expeditious resolution of actions favors the imposition of sanctions and not delaying an action); *Wong*, 410 F.3d at 1062 (9th Cir. 2005) ("Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them").

Furthermore, because the Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation, the

Court's interest in managing its docket weighs in favor of sanctions. *See Gonzales v. Mills*, 2011 WL 976713 at *5 (E.D. Cal. Mar. 16, 2011) ("[t]he Eastern District of California — Fresno Division has a significantly impacted docket [that] is overly congested, and stalled cases due to a lack of prosecution aggravate the situation"). Thus, the Court finds these factors weigh in favor of striking the untimely expert report of Mr. Avrit and the exclusion of his testimony.

### 2. Risk of prejudice

To determine whether Defendants have been prejudiced, the Court must "examine whether the plaintiff's actions impair the ... ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987), citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985). A presumption of prejudice arises when a plaintiff unreasonably delays an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Defendant argues that it has suffered prejudice by the untimely disclosure. (Doc. 35 at 5.) Defendant asserts, "Plaintiff unabashedly admits [that] the report of Mr. Avrit produced on March 31, 2021 relies on inspections conducted by Plaintiff unilaterally, without notice, and without consent." (*Id.*) Defendant observes, the "inspections were unquestionably conducted after the close of discovery." (*Id.*) In addition, Defendant notes:

> Plaintiff's expert conducted his inspections nearly a month after Plaintiff received Dolgen's expert reports. Thus, Mr. Avrit could tailor his inspection and tests with the express knowledge of what Dolgen's experts were relying on, and what their opinions were. Thus, unlike Dolgen's experts, who evaluated this case and prepared their opinions in reliance on Plaintiff's claims and the facts in discovery, Mr. Avrit could evaluate this case and prepare his opinions specifically by targeting the opinions of Dolgen's experts. As such, in addition to asymmetry in evidence and fact finding, Dolgen is further prejudiced by the asymmetry in expert preparation, between Plaintiff, who knows all the questions beforehand, and Dolgen, who must prepare answers in a vacuum.

(*Id.* at 5-6.) As noted above, the Court previously found a party gained a "significant litigation advantage" where the expert report was prepared after the timely disclosure by the opposing party. *See Zone Sports Ctr. LLC,* 2012 WL 1969048 at *3. Thus, the Court finds Defendant would be prejudiced if Plaintiff were to be able to rely upon the testimony of Mr. Avrit, which was first disclosed in his report weeks after the expert disclosure deadline.

///

### 3.  Public policy of resolution on the merits

Plaintiff does not claim that the exclusion of her expert would be a case-dispositive sanction, and Plaintiff would still be able to try her case on the merits.  Thus, this factor does not weigh against exclusion of Mr. Avrit's testimony.

### 4.  Availability of lesser sanctions

The Ninth Circuit determined that a court's warning to a party that failure to obey the court's order will result in sanctions can satisfy the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by the imposition of sanctions in response to violating a court's order. *Malone*, 833 F.2d at 133.

Previously, the Court ordered: "The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder." (Doc. 9 at 3, emphasis omitted.)  In addition, the Court informed parties: "The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. **Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony**." (*Id.*, emphasis added.)  The Court also indicated that "must insist upon compliance" with the Federal Rules of Civil Procedure "sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California." (*Id.* at 10.) These warnings satisfy the requirement that the Court consider lesser sanctions. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Indeed, the Court need only warn a party once that sanctions may be imposed. *Id.; see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction).

Furthermore, this Court observed that sanctions other than striking expert testimony may not "prove effective at providing defendant the compliant disclosures it deserves." *Christensen*, 2021 WL 71799 at *6.  Thus, the Court finds this factor weighs in favor of striking the untimely report and testimony of Mr. Avrit.

**IV. Conclusion and Order**

Based upon the foregoing, the Court finds Plaintiff failed to show her untimely expert report was substantially justified or harmless. Further, the factors set forth by the Ninth Circuit in *Wendt* support exclusion of the expert. Accordingly, the Court **ORDERS**:

1. Defendant's application to strike (Doc. 23) is **GRANTED**: and
2. Plaintiff SHALL be precluded from presenting any testimony, evidence, reports, or opinions derived from the inspection performed by Brad Avrit.

IT IS SO ORDERED.

Dated: **April 21, 2021**  _____ /s/ Jennifer L. Thurston
CHIEF UNITED STATES MAGISTRATE JUDGE