UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE ANSOLABEHERE,<br><br>    Plaintiff,<br><br>    v.<br><br>DOLLAR GENERAL CORP., et al.,<br><br>    Defendants. | Case No.: 1:19-cv-01017 NONE JLT<br><br>ORDER DENYING AS MOOT DEFENDANT'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S EXPERT AUGMENTATION (Doc. 45)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AUGMENT OR AMEND THE EXPERT WITNESS INFORMATION (Doc. 49) |

    Melanie Ansolabehere reports she slipped and fell while inside a Dollar General Market Store and seeks to hold the defendant liable for negligence and premises liability. (*See* Doc. 1 at 9.) Plaintiff now seeks permission to augment or amend the expert witness disclosure of Dr. Jonathan Frank, who Plaintiff would like to testify as to the medical causation of her injuries. (Doc. 49.) Defendant opposes the motion, asserting the designation is untimely and cause prejudice. (Doc. 59.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I.    Background**

    Plaintiff alleges that on June 16, 2017, she visited the Dollar General Market Store #14019, located at 3030 Brundage Lane in Bakersfield, California. (Doc. 1 at 11, ¶ 9.) According to Plaintiff, when she "was walking the suntan and locations aisle of Defendant's premises, she slipped and fell due to the liquid substance on the floor." (*Id.*, ¶ 10.) She asserts that she "sustain[ed] serious injuries and damages" as a result of the fall. (*Id.*)

On May 30, 2019, Plaintiff filed a complaint in Kern County Superior Court, Case No. BCV-19-101500 for premises liability and negligence against Dollar General Corp., Dollar General Store #14109, LLC; and RU Dollar General Bakersfield, LLC. (Doc. 1 at 9.) On June 25, 2019, Dollar General Corporation filed its answer to the complaint, noting it had been erroneously sued as Dollar General Store #14109, LLC and RU Dollar General Bakersfield, LLC. (*Id.* at 17.) Dollar General Corporation filed a Notice of Removal under 28 U.S.C. § 1441(b) on July 25, 2019, thereby initiating the action before this Court.

The Court held a scheduling conference with the parties on October 22, 2019 and issued its Scheduling Order on October 23, 2019. (Docs. 8, 9.) Based upon the deadlines proposed by the parties, the Court ordered all non-expert discovery to be completed no later than August 28, 2020, and all expert discovery completed no later than October 16, 2020. (Doc. 9 at 1; *see also* Doc. 7 at 8.) Any experts were to be disclosed in writing on or before September 4, 2020, and all rebuttal experts disclosed no later than September 25, 2020. (Doc. 9 at 3.) The Court informed the parties:

> The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

(*Id.* at 8, emphasis omitted.) In addition, the Court informed the parties that "[n]o motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend." (*Id.* at 4, emphasis omitted.)

On March 10, 2020, the parties filed their "Joint Mid-Discovery Status Report." (Doc. 14.) At that time, Plaintiff reported she had noticed the deposition of Defendant's Person Most Knowledgeable and was planning "to depose two former employees of the Defendant, the store manager at the time of the incident and a cashier." (*Id.* at 2.) Plaintiff indicated she "anticipate[d] further written discovery requests" but made no mention of experts. (*See id.*) The Court noted "the parties have completed little discovery since the case was scheduled five months ago." (Doc. 16.) On March 11, 2020, the Court ordered: "Counsel SHALL redouble their efforts to complete non-expert discovery within the current deadline because, based upon what appears to be a lack of diligence in the discovery process, the Court does not anticipate that the parties will be entitled to an extension of these deadlines." (*Id.*)

2

1    On September 1, 2020, the parties filed a stipulation to amend the case schedule—including
2 the non-expert and expert discovery deadlines—reporting there was good cause for the requested
3 extensions due to the COVID-19 pandemic and Plaintiff's ongoing treatment. (Doc. 17 at 2.) The
4 Court found the information provided failed to demonstrate that the parties attempted to engage in
5 discovery, or "recite any basis for the Court to conclude that the deadlines could not have been met."
6 (Doc. 18 at 2.) Because the parties did not demonstrate good cause, the Court decline to amend the
7 case schedule. (*Id.* at 3.)

8    Defendant filed an unopposed ex parte application to continue the scheduling order deadlines,
9 reporting difficulty with discovery due to the business' "classification as a critical infrastructure
10 business" during the pandemic, and with COVID-19 restrictions making "in-personal medical
11 examinations difficult." (Doc. 19 at 2.) On September 29, 2020, the Court held an informal telephonic
12 conference with the Court regarding the application. (Doc. 21.)

13    On September 30, 2020, the Court issued an order granting the ex parte application to amend
14 the case schedule. (Doc. 22.) The Court found "[c]ounsel in this case have not acted in a diligent
15 fashion in discovering this case." (*Id.* at 1.) The Court explained the request to amend the discovery
16 deadlines was granted "only because the independent medical examinations could not occur due to the
17 COVID-19 pandemic no matter their level of diligence." (*Id.*) Further, the Court extended the
18 deadlines beyond those requested in anticipation of medical examinations may be more problematic
19 than expected. (*Id.* at 1, n.2.) In addition, the Court ordered the parties to disclose any experts no later
20 than February 12, 2021, to disclose any rebuttal experts by March 12, 2021, and to "complete all expert
21 discovery no later than April 16, 2021." (*Id.* at 1-2.) On May 27, 2021, pursuant to a stipulation of the
22 parties, the Court extended the expert discovery deadline to July 30, 2021. (Doc. 42 at 1.)

23    On February 12, 2021, Plaintiff served her "Expert Witness Disclosure" in which she identified
24 the following experts: Stephen Grifka, M.D.; Kevin Aminian, M.D.; David Lechuga, Ph.D.; and Brad
25 Avrit, P.E. (Doc. 51 at 5-6.) Plaintiff indicated the medical doctors had "been treating plaintiff" and
26 were expected "to testify to her injuries sustained in the incident, her treatment render[ed] so far, and
27 any recommendations for future treatment." (*Id.* at 5.) On March 31, 2021, Plaintiff served a "Second
28 Supplemental Expert Witness Disclosure," in which she added Jonathan Frank, M.D., as an expert

witness. (Doc. 53 at 4.) Plaintiff indicated Dr. Frank "is an orthopedic surgeon who has treated plaintiff and will testify as to her orthopedic injuries and treatment of same." (*Id.*)

On March 22, 2021, Defendant filed an ex parte application seeking to strike Mr. Avrit as an expert. (Doc. 23; *see also* Doc. 30 at 3, ¶¶ 7-10.) While the application was pending, "Plaintiff's expert conducted a site inspection unilaterally," and Plaintiff's counsel emailed a DropBox link to Mr. Avrit's report. (Doc. 33 at 10, ¶ 11; *see also* Doc. 34-1 at 2.) The Court found Plaintiff's failure to comply with the scheduling order deadline to provide the expert report was neither substantially justified or harmless, and granted the application to strike. (Doc. 37.) The Court ordered that Plaintiff was "precluded from presenting any testimony, evidence, reports, or opinions derived from the inspection performed by Brad Avrit." (*Id.* at 11.)

On August 26, 2021, "Plaintiff served an amended supplemental expert witness disclosure." (Doc. 45 at 4; Doc. 45-1 at 111.) In the supplemental disclosure, Plaintiff again designated Brad Avrit as an expert and indicated "[h]is report was previously provided to Defendants." (Doc. 45-1 at 114.) Plaintiff also indicated Dr. Frank was expected to "testify to [Plaintiff's] orthopedic injuries, medical causation, treatment of same, and the reasonable and necessity of care and cost thereof." (*Id.*) In addition, Plaintiff stated: "Dr. Frank will be testifying as to causation" with his opinion in a letter dated August 25, 2021. (*Id.*) In the attached letter, Dr. Frank indicated: "I believe, to a reasonable degree of medical probability, the injuries I have diagnosed Ms. Ansolabehere with are a result of the slip and fall incident which occurred on June 16, 2017." (*Id.* at 117.)

On September 14, 2021, Defendant filed an ex parte application to strike the supplemental disclosures, noting Plaintiff again designated Brad Avrit as an expert and the topic of "medical causation" was new for Dr. Frank. (Doc. 45.) On September 17, 2021, Plaintiff notified the Court of her withdrawal of the "Amended Supplemental Expert Witness Disclosure served on 8/26/2021." (Doc. 47.) Accordingly, the ex parte application related to the disclosure is now moot.

However, Plaintiff filed a motion "to augment or amend her expert witness disclosure" on September 30, 2021. (Doc. 49.) According to Plaintiff, she "inadvertently omitted" the declaration from Dr. Frank regarding causation, and his "medical knowledge is necessary to address major contentions." (*Id.* at 1.) Defendant opposes the motion, asserting the failure to disclose the topic was

"neither inadvertent, nor does it constitute substantial justification." (Doc. 59 at 5.) In addition, Defendant asserts it would suffer prejudice if the motion were granted. (*Id.* at 6-7.)

## II. Legal Standard

Under the Federal Rules, if "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," a witness qualified "by knowledge, skill, experience, training, or education" may give an expert opinion. Fed. R. Evid. 702. A party must disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). If the expert witness is retained or specially employed to provide expert testimony, the disclosure must include a report that is prepared and signed by the expert. Fed. R. Civ. P. 26(a)(2)(B). These disclosures must be made at the times and in the sequence that the Court orders. Fed. R. Civ. P. 26(a)(2)(C).

A party's failure to comply with the rules regarding expert witnesses exposes that party to sanctions under Federal Rule of Civil Procedure 37(c). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth" to the disclosure requirements. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing *Ortiz- Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)). This Rule provides that a party who fails to provide required information under Rule 26(a) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Significantly, Rule 37(c)(1) is "self-executing and automatic." *Rhodes v. Sutter Health*, 949 F.Supp.2d 997, 1010 (E.D. Cal. 2013) (internal quotation marks omitted); *see also Christensen v. Goodman Distrib.*, 2021 WL 71799 at *2 (E.D. Cal. Jan. 8, 2021) (observing the "Federal Rules Advisory Committee described [Rule 37(c)(1) as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material'"). The burden is on the party facing exclusion of its expert's testimony to prove the delay was substantially justified or harmless." *Goodman v. Staples the Office Superstore, L.L.C*., 644 F.3d 817, 827 (9th Cir. 2011), citing *Yeti by Molly, Ltd.*, 259 F.3d at 1107.

///

### III. Discussion and Analysis

Pursuant to the terms of the Court's amended scheduling order, the parties were ordered to complete all non-expert discovery no later than January 29, 2021. (Doc. 22 at 1.) Further, the parties were ordered "to disclose their experts no later than February 12, 2021 and any rebuttal experts by March 12, 2021." (*Id.* at 2.) All expert discovery was to be completed "no later than July 30, 2021." (Doc. 42 at 1.) Finally, any non-dispositive motions were to be filed no later than July 14, 2021 and heard no later than August 17, 2021. (*Id.*)

It is undisputed that Plaintiff did not indicate Dr. Frank would present testimony or opinions related to the "medical causation" of Plaintiff's injuries prior to the expert discovery deadline. (*See* Doc. 49 at 4.) Thus, the Court must determine whether Plaintiff carries the burden to show this failure was substantially justified or harmless.

#### A. Substantial Justification

Plaintiff asserts that when she served Defendant with the expert disclosure, "the disclosure was made in accordance with the California Code of Civil Procedure § 2034.260 rather than the Fed.R.Civ. P. Rule 26." (Doc. 49 at 4.) Plaintiff explains: "In particular, although Plaintiff disclosed the identity of the witness, as well as a summary of the expected testimony, it did it contain specific details concerning the nature of the testimony, the disclosure did not include Dr. Jonathan Frank's declaration regarding causation for Plaintiff's injuries." (*Id.*) According to Plaintiff, "Lack of [d]isclosure of Dr. Frank's Declaration was inadvertent since Dr. Frank's Declaration was not attached to the disclosure." (*Id.* at 5.)

Plaintiff's assertion that she made the disclosures in accordance with California law rather than the governing Federal Rules of Civil Procedure strains credulity and defies logic where the disclosures served in both February 2021 and March 2021 repeatedly—and exclusively— refer to the Federal Rules of Civil Procedure, rather than any corresponding state rules. (*See* Doc. 51 at 3-6; Doc. 53 at 2-5.) The "Second Supplemental Expert Witness Disclosure" served on March 31, 2021, indicate Plaintiff "hereby supplements her previous initial disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(c) and 702 and 703." (Doc. 53 at 2.) In addition, the section addressing "Expert Witnesses and Intended Testimony" includes a reference to Rule 26(a)(2)(c) by Plaintiff. (*Id.*) Significantly, Rule 26(a)(2)

6

addresses the disclosure expert witnesses and directs the parties to disclose the opinions upon which an expert will testify. *See* Fed. R. Civ. P. 26(a)(2). In compliance with this Rule, Plaintiff provided reports from several physicians and identified the subject matter to which Dr. Frank was expected to testify, including Plaintiff's "orthopedic injuries and treatment of the same." (*See* Doc. 53 at 4.) Thus, it is clear Plaintiff made her disclosures in accordance with the Federal Rules of Civil Procedure.

Moreover, the Court is not persuaded the failure to disclose Dr. Frank's opinion that Plaintiff's injuries were the result of her slip and fall incident—including the failure attach a letter in which he expressed that opinion—was "inadvertent." On March 31, 2021, Plaintiff indicated Dr. Frank "is an orthopedic surgeon who has treated plaintiff and will testify as to her orthopedic injuries and treatment of same." (Doc. 53 at 4.) However, in a letter dated August 25, 2021, Dr. Frank expressed his belief regarding medical causation. (Doc. 45-1 at 117.) Because the letter was dated well after the disclosure, it is clear there was no written opinion to be attached to the disclosure in March 2021, and this is not an instance where the physician offered an opinion and Plaintiff inadvertently failed to attach it to her disclosure. Rather, the opinion was authored nearly five months after the disclosure, on a topic that was not previously identified by Plaintiff. This opinion, on a topic not previously disclosed, "is beyond the scope of supplementation and is subject to exclusion under Rule 37(c)." *See Plumely v. Mockett*, 836 F. Supp. 2d 1053 (C.D. Cal. May 26, 2010); *see also Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc [on] docket control and amount to unlimited expert opinion preparation").

Even if the Court concluded the lack of disclosure "was inadvertent," inadvertence does not support a finding that the failure to disclose Dr. Frank's opinion was substantially justified. *See, e.g., R & R Sails Inc. v. Ins. Co. of State of PA,* 251 F.R.D. 520, 526 (S.D. Cal. 2008) (failure to comply with Rule 26 due to counsel's "inadvertent mistake" did not amount to substantial justification); *Therasense, Inc. v. Becton, Dickinson & Co.*, 2008 WL 2323856 at *6 (N.D. Cal. May 22, 2018) ("'Inadvertence' will not do. Neglect, even if excusable, does not translate into substantial justification."); *see also Tolerico v. Home Depot*, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002) (finding a plaintiff who asserted failure to disclose documents was "inadvertent and due to a misunderstanding"

7

failed to identify "substantial justification" for their failures); *Amiri v. Omni Excavators, Inc.*, 2019 WL 5653622 at*4 (D.D.C. Oct. 31, 2019) ("inadvertence is not a substantial justification"). Consequently, Plaintiff has not carried the burden to show her failures were substantially justified as required under Rule 37.

### B. Harmlessness

Plaintiff's failures to identify medical causation as a topic for Dr. Frank and to identify his opinion were also not harmless. Plaintiff argues that "Defendant will not be prejudiced if Plaintiff's Second Amended Supplemental Expert Witness Disclosure is allowed by this Court since Defendant scheduled and intended to take Dr. Frank's Deposition on July 19, 2021." (Doc. 49 at 6.) According to Plaintiff, "Since Defendant had the name and address of Plaintiff's expert, Dr. Frank and did schedule his Deposition on July 2021, Defendant could have noticed Mr. Frank's deposition without the report and raised the causation issue at the deposition." (*Id.*)

Significantly, Plaintiff's argument ignores the fact that without causation being identified as a subject of Dr. Frank's expected testimony, Defendant would have no reason to raise the issue of causation or question Dr. Frank regarding his opinions during the deposition. Likewise, Plaintiff ignores the expert discovery deadline of July 30, 2021. Plaintiff served her expert witness disclosure with the attached opinion of Dr. Frank, several weeks after the close of expert discovery, leaving Defendant without an opportunity to engage in discovery related to the opinion. Such action is not harmless, because it results in "a significant litigation advantage." *See Zone Sports Ctr. LLC v. Nat'l Surety Corp.*, 2012 WL 1969048 at *3 (E.D. Cal. May 31, 2012) (finding delays that precluded the other party from engaging in rebuttal expert testimony were "a significant litigation advantage"). Thus, if Plaintiff were permitted to add a topic to the subjects addressed by Dr. Frank and his opinion related to medical causation, the Court would be forced to re-open discovery.

Plaintiff's request was filed not only after the expiration of discovery, but also after the deadlines for filing non-dispositive motions and dispositive motions. Further, the Court currently has a pretrial conference set in this action on October 22, 2021. The Ninth Circuit recognized "[d]isruption to the schedule of the court and other parties … is not harmless." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). As a result, the Ninth Circuit and district courts have determined that

a late disclosure is not harmless where it would likely require court to create a new briefing schedule and re-open discovery. *See, e.g.*, *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821-22 (9th Cir. 2019) (late disclosure was not harmless because it disrupted the schedule of both the defendant and the court); *Nat'l R.R. Passenger Corp. v. Young's Comm. Transfer, Inc.,* 2016 WL 1573262, at *6 (E.D. Cal. Apr. 19, 2016) (excluding testimony where discovery had closed); *Reilly v. Wozniak*, 2020 (D. Az. Mar. 10, 2020) (finding a delay was not harmless where new deadlines for expert discovery would be required, "even where… the trial date is not imminent); *Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 657936 (W.D. Wash. 2008) (delay was not harmless because discovery would need to be reopened). Therefore, the Court finds the delay in identifying the topic of "medical causation" and the opinion of Dr. Frank under Rule 26 was not harmless.

### C. Exclusion of the Expert Testimony

As noted above, Rule 37 is "self-executing." *Rhodes*, 949 F.Supp.2d at 1010. Nevertheless, the Ninth Circuit determined that prior to excluding expert testimony under Rule 37(c)(1), the court should consider five factors: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; [and] 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir. 1997), citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

#### 1. Public interest and the Court's docket

The public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of striking the opinion of Dr. Frank related to medical causation and not extending the deadlines to cure Plaintiff's delay. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (the public's interest in expeditious resolution of actions favors the imposition of sanctions and not delaying an action); *Wong*, 410 F.3d at 1062 (9th Cir. 2005) ("Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them").

Furthermore, because the Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation—

and is experiencing an ongoing judicial resource emergency—the Court's interest in managing its docket weighs in favor of sanctions. *See Gonzales v. Mills*, 2011 WL 976713 at *5 (E.D. Cal. Mar. 16, 2011) ("[t]he Eastern District of California — Fresno Division has a significantly impacted docket [that] is overly congested, and stalled cases due to a lack of prosecution aggravate the situation"). Thus, the Court finds these factors weigh in favor of striking the untimely disclosure related to the testimony of Dr. Frank and the exclusion of his opinion related to causation.

### 2. Risk of prejudice

To determine whether Defendant has been prejudiced, the Court must "examine whether the plaintiff's actions impair the ... ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987), citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985). A presumption of prejudice arises when a plaintiff unreasonably delays an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Defendant argues that it has suffered prejudice by the untimely disclosure. (Doc. 59 at 6.) Defendant asserts, "it is not simply a matter of whether Dolgen has the ability to cross-examine Dr. Frank on his causation opinions that is at issue, but also the fact that Dolgen has completely lost the ability to respond to Plaintiff's designation of a new subject matter expert altogether." (*Id.*) As noted above, the Court previously found a party gained a "significant litigation advantage" where the expert report was prepared after the timely disclosure by the opposing party. *See Zone Sports Ctr. LLC,* 2012 WL 1969048 at *3. Thus, the Court finds Defendant would be prejudiced if Plaintiff were to be able to rely upon the medical causation opinion of Dr. Frank, which was first disclosed five months after the expert disclosure deadline and after the close of discovery.

### 3. Public policy of resolution on the merits

Plaintiff does not claim that the exclusion of Dr. Frank's opinion on causation would be a case-dispositive sanction, and Plaintiff would still be able to try her case. Thus, this factor does not weigh against exclusion of the opinion.

### 4. Availability of lesser sanctions

The Ninth Circuit determined that a court's warning to a party that failure to obey the court's order will result in sanctions can satisfy the "consideration of alternatives" requirement. *See Malone*,

833 F.2d at 133; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by the imposition of sanctions in response to violating a court's order. *Malone*, 833 F.2d at 133.

Previously, the Court ordered: "The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder." (Doc. 9 at 3, emphasis omitted.)  In addition, the Court informed parties: "The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  **Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony**."  (*Id.*, emphasis added.) The Court also indicated that it "must insist upon compliance" with the Federal Rules of Civil Procedure and "sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California."  (*Id.* at 10.) These warnings satisfy the requirement that the Court consider lesser sanctions. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Indeed, the Court need only warn a party once that sanctions may be imposed. *Id.; see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction).

Furthermore, this Court observed that sanctions other than striking the expert's opinion on this limited issue may not "prove effective at providing defendant the compliant disclosures it deserves." *Christensen*, 2021 WL 71799 at *6.  Thus, the Court finds this factor weighs in favor of striking the untimely disclosure and opinion of Dr. Frank related to medical causation.  *See Luke v. Family Care and Urgent Medical Clinics,* 323 Fed. App'x. 496, 500 (9th Cir. 2009) (holding the district court did not abuse its discretion in excluding untimely expert declarations).

### D. Request for Monetary Sanctions

Opposing Plaintiff's motion, Defendant again seeks attorney fees and costs in the amount of $4,800, which were incurred in preparation of the ex parte application filed September 14, 2021. (Doc. 59 at 8.)  Defendant asserts the imposition of sanctions and award of fees are appropriate "because of the unique procedural history of this case." (*Id.*)  Defendant notes: "the parties were

11

repeatedly warned by this Court, in this very case, of the need for diligence and care in litigation." (*Id.*, emphasis omitted.) According to Defendant, "Plaintiff has learned nothing from the Court's repeated admonishments to be diligent," and Defendant should not "be forced to unilaterally shoulder the costs and burdens that arise because of Plaintiff's refusal to comply with the Court's orders or conform to well-established procedure." (*Id.* at 8.)

Rule 37(c)(1) authorizes the Court to order the payment of "reasonable expenses, including attorney's fees, caused by the failure" of any "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1). . ." Although the Court does not condone the conduct of Plaintiff, the Court determined above that the imposition of lesser sanctions—such as monetary sanctions—would not be effective. In addition, as Defendants acknowledge, the request for fees and costs is calculated based upon the hours expended challenging the disclosure that was withdrawn by Plaintiff on September 17, 2021. Defendants have not cited any authority supporting the imposition of sanctions based upon an expert disclosure that was later withdrawn. (*See* Doc. 59 at 7-8.) Consequently, the Court declines to impose monetary sanctions.

## IV.     Conclusion and Order

Based upon the foregoing, the Court finds Plaintiff failed to show her untimely disclosures of the subject of medical causation for Dr. Frank and untimely disclosure of his opinion—as reflected in the letter dated August 31, 2021— were substantially justified or harmless. Further, the factors set forth by the Ninth Circuit in *Wendt* support exclusion of the opinion. Therefore, the Court **ORDERS**:

1. Defendant's ex parte application (Doc. 45) is denied as **MOOT**;
2. Plaintiff's motion to augment or amend the expert witness information (Doc. 49) is **DENIED**; and
2. Plaintiff **SHALL** be precluded from presenting any testimony, evidence, reports, or opinions related to medical causation from Dr. Jonathan Frank.

IT IS SO ORDERED.

Dated:   **October 15, 2021**              **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE