UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE ANSOLABEHERE,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL CORP., et al.,<br><br>Defendants. | No.  1:19-cv-01017-NONE-JLT<br><br><br><u>TENTATIVE PRETRIAL ORDER</u> |

On October 22, 2021, the court conducted a pretrial conference. Joseph S. Farzam appeared as counsel for plaintiff; Derik Sarkesians appeared as counsel for defendants. Having considered the parties' objections, the court issues this tentative pretrial order.

Plaintiff brings a personal-injury action against defendants in connection with her allegedly slipping and falling at a Dollar General store in Bakersfield, California. Plaintiff's claims for negligence and premises liability arise under California law.

I.    JURISDICTION/VENUE

This action was removed from Kern County Superior Court by defendant Dollar General Corp. on July 25, 2019, which invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For the reasons discussed on the record, plaintiff shall file an amended complaint within thirty days of the date of entry of this order concerning the subject-matter jurisdiction issues discussed at the conference.

1

Assuming the existence of subject-matter jurisdiction in this matter, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  Venue is not contested.

## II.     JURY

Both parties have demanded a jury trial.  The jury will consist of eight jurors.

## III.    UNDISPUTED FACTS

1. On Friday, June 16, 2017, Plaintiff claims she slipped and fell on liquid on the floor of Defendant's Dollar General store located at 3030 Brundage Lane, Bakersfield, CA 93304.  Plaintiff claims she sustained injuries to her head (TBI), neck, left shoulder, lower back, and left jaw.  Plaintiff obtained treatment from the following providers/facilities:  (1) Sarwa Aldoori, M.D., (2) Kern Radiology, (3) Jonathan Frank, M.D., (4) Expert MRI, (5) Vikram Singh, M.D., (6) Stephen P. Grifka, M.D., (7) Yakdan Al Qaisi, M.D., (8) Kambiz Kashfian, DDS, (9) Nova Surgical Institute, (10) Nitesh Patel, M.D., (11) Truxtun Radiology, and (12) David M. Lechuga, Ph.D.  Plaintiff's total known boardable medical specials are $75,276.00.

2. Plaintiff has had longstanding back pain since at least the year 2015, and had been prescribed prescription anxiety and pain medications, as well as a course of physical therapy.

3. Years prior to the incident's occurrence, Plaintiff was carjacked while working for the United States Postal Service and was subsequently diagnosed and treated for post-traumatic stress disorder (PTSD), and received disability.

4. After the incident occurred, Plaintiff's husband tragically lost his life by falling off of a roof.  In addition, Plaintiff sustained a fall off of a chair while at a bar.  Plaintiff was also involved in a motor vehicle accident on May 28, 2021.  According to her medical records and the testimony of Dr. Aldoori, Plaintiff sustained injuries to her neck, back and down to her legs as a result of the motor vehicle accident.

## IV.    DISPUTED FACTUAL ISSUES

1. Whether defendant was negligent in the operation of its store on the day of the incident.

2. Whether plaintiff's own negligence caused the alleged incident and damages.

/////

2

3. Whether plaintiff slipped and fell in defendant's store, and the mechanics of plaintiff's alleged fall.

4. Whether defendant knew or should have known of any alleged liquid on the floor.

5. Whether defendant inspected its store regularly to discover and eliminate and hazards.

6. Whether defendant maintained its store and its floors in a safe and clean manner on the day of the incident.

7. Whether the incident caused any of plaintiff's claimed injuries.

8. Whether plaintiff's alleged complaints are preexisting, and/or due to any post-incident injury causing events.

9. Whether plaintiff's medical care and treatment was reasonable and necessary.

10. Whether the cost of plaintiff's medical care and treatment was reasonable.

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

Defendants filed motions *in limine* in violation of the court's standing order, which the court subsequently struck. (Doc. Nos. 61–66, 69.) The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* below.

Plaintiffs anticipate filing motions *in limine* (1) to exclude any reference to any other claims or lawsuits; (2) to exclude any reference to prior or subsequent injuries or symptoms in body parts that are not the subject of this claim; (3) to exclude reference to any prior criminal arrests or convictions; and (4) to exclude evidence of any prior filing for, making a claim for, or receipt of disability benefits.

Defendants anticipate filing the following motions *in limine*, some of which were previously filed and struck:  (1) to exclude the golden rule and reptile theory arguments, (2) to limit plaintiff's recovery for medical special damages and future medical special damages to amount paid not the amount billed, (3) to preclude lay witnesses from providing expert opinions, (4) to exclude evidence not disclosed in discovery, (5) to limit the opinions and testimony of

plaintiff's orthopedic expert, and (6) to limit non-retained experts to treatment testimony, (7) to exclude any material and testimony from plaintiff's untimely retained expert Brad Avrit, P.E., and (8) to exclude plaintiff's non-retained treating physicians from providing testimony on causation.

Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any *motions in limine* prior to the first day of trial.

VI.     SPECIAL FACTUAL INFORMATION

Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this action:

*Plaintiff's factual summary*:

On June 16, 2017, plaintiff, then aged 56, slipped and fell on an unknown liquid at defendant's Dollar General store located at 3030 Brundage Lane, Bakersfield, CA 93304. Plaintiff contends that defendant installed flooring material that was too slippery when wet, failed to keep their floors free of slippery substances, failed to regularly inspect and clean their floors, failed to keep a log of their inspection and cleaning as required and customary in the industry and in short, failed to maintain their premises in a reasonably safe manner, failed to warn its patron of the existence of a dangerous condition on its floors. This caused plaintiff who was an unknowing patron at defendant's store to slip, fall back and strike her head causing her to suffer from a life-long traumatic brain injury as well as a jaw injury, chipped tooth, and chronic spinal injuries. Plaintiff was not employed, was retired and does not have a loss of earnings claim.

*Defendant's factual summary*:

Defendant contends that it was not negligent, and plaintiff was negligent for her own alleged fall. There was no evidence of any liquid, and/or any sufficient amount liquid that would have caused plaintiff to slip and fall. At her deposition, plaintiff claims to have taken a photograph of the alleged liquid on the floor causing her to fall, but the alleged liquid is merely a discoloration of defendant's store floor. Defendant did not have any notice of any alleged liquid on its store's floor.

Plaintiff testified that she slipped and fell 13 feet as a result of the incident, and defendant contends that it is not physically possible. In addition, defendant disputes that its floors were slippery and disputes any introduction of evidence and testimony by plaintiff's untimely retention of Brad Avrit, P.E., who is the source of plaintiff's contention that the flooring material was inadequate, and that defendant failed to maintain its premises in a reasonably safe manner.

Plaintiff has a longstanding history of back pain dating to at least the year 2015, where she was prescribed prescription pain and anxiety medications, and plaintiff has had a prior PTSD diagnosis due to a carjacking. Subsequent to the incident, plaintiff sustained a fall at a bar and initiated a separate personal injury lawsuit. On May 28, 2021, plaintiff sustained a motor vehicle accident claiming injuries and damages to the same body parts in question.

Plaintiff visited her primary care physician, Dr. Aldoori, three days after the incident, and Dr. Aldoori testified that she does not believe Plaintiff sustained any new injuries as a result of the incident. In plaintiff's non-retained orthopedic expert Jonathan Frank, M.D.'s medical records, Dr. Frank does not provide an opinion as to whether the incident caused any of plaintiff's physical injuries, and whether her treatment was reasonable and necessary. Moreover, plaintiff's non-retained treating neurologist, Dr. Kevin Aminian, M.D., and neuropsychologist, Dr. David Lechuga, both testified that Plaintiff sustained a "mild" traumatic brain injury. Dr. Lechuga also testified that plaintiff made a "nice recovery," and his testimony is reliant upon the assumption that the incident caused plaintiff's orthopedic injuries.

Plaintiff was not employed, was retired and does not have a loss of earnings claim.

VII.   RELIEF SOUGHT

Plaintiff seeks monetary damages.

VIII.   POINTS OF LAW

Plaintiff's two causes of action arise under state law: premises liability and negligence.

   1. The elements of, standards for, and burden of proof in a negligence action.
   2. The elements of, standards for, and burden of proof in a premises-liability action.

Defendant identifies five defenses: That there was no liquid on the floor; that plaintiff's alleged fall is the result of her own negligence and that the described mechanism of injury is not

physically possible; that the incident did not cause plaintiff's alleged injuries and damages, which are preexisting; that plaintiff's non-retained orthopedist, Jonathan Frank, M.D., did not opine that the incident caused plaintiff's alleged injuries; and that plaintiff did not timely identify and disclose any experts opining on causation.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.  ABANDONED ISSUES

None.

X.  WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendant's witnesses shall be those listed in **Attachment B**.  Each party may call any witnesses designated by the other.

   A.  **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

      (1)  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

      (2)  The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

   B.  Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

      (1)  The witness could not reasonably have been discovered prior to the discovery cutoff;

/////

6

|   |   |   |   |
|---|---|---|---|
| 1 | | (2) | The court and opposing parties were promptly notified upon discovery of |
| 2 | | | the witness; |
| 3 | | (3) | If time permitted, the party proffered the witness for deposition; and |
| 4 | | (4) | If time did not permit, a reasonable summary of the witness's testimony |
| 5 | | | was provided to opposing parties. |

6  XI.     EXHIBITS, SCHEDULES, AND SUMMARIES

7        Joint exhibits are listed in **Attachment C**.  Plaintiff's exhibits are listed in **Attachment**

8  **D**.[1]  Defendant's exhibits are listed in **Attachment E**.  No exhibit shall be marked with or entered

9  into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and

10 confer for the purpose of designating joint exhibits.  All exhibits must be pre-marked as discussed

11 below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

12 Plaintiff's exhibits shall be listed numerically and defendants' exhibits shall be listed

13 alphabetically.  All exhibits must be pre-marked.  The parties must prepare three (3) separate

14 exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance

15 with the specifications above.  Each binder shall have an identification label on the front and

16 spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to

17 exhibits are due no later than **14 days before trial**.  The final exhibits are due **the Thursday**

18 **before trial date.**  In making any objection, the party is to set forth the grounds for the objection.

19 As to each exhibit which is not objected to, it shall be marked and received into evidence and will

20 require no further foundation.

21        **The court does not allow the use of undisclosed exhibits for any purpose, <u>including</u>**

22 **<u>impeachment or rebuttal</u>, unless they meet the following criteria**

23        A.    The court will not admit exhibits other than those identified on the exhibit lists

24              referenced above unless:

25 /////

26

---

27 [1] Plaintiff was informed at the pretrial conference that her exhibit designations were insufficiently specific. Plaintiff indicated her intent to amend the exhibit list in accordance with

28 the timeline for filing objections to this tentative pretrial order.

7

    (1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    (2) The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

  B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    (1) The exhibits could not reasonably have been discovered earlier;

    (2) The court and the opposing parties were promptly informed of their existence;

    (3) The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

## XII. DISCOVERY DOCUMENTS

The parties may use the following discovery documents at trial:

1. The entire transcripts from all depositions, for impeachment purposes.
2. All interrogatory responses and requested admissions, for impeachment purposes.

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

## XIII. FURTHER DISCOVERY OR MOTIONS

None.

## XIV. STIPULATIONS

None.

## XV. AMENDMENTS/DISMISSALS

None.

8

XVI.  SETTLEMENT

It appears that a court-supervised settlement conference before a United States Magistrate Judge may be productive.  The settlement conference will be set before Judge Erica P. Grosjean by separate order.

XVII.  JOINT STATEMENT OF THE CASE

The parties have not agreed to a joint statement of the case.  Nonetheless, they are instructed to agree on a neutral description of the case to be read to the prospective jurors.

XVIII.  SEPARATE TRIAL OF ISSUES

None.

XIX.  IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XX.  ATTORNEYS' FEES

None.

XXI.  TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

XXII.  MISCELLANEOUS

The parties have requested that the court retain exhibits admitted into evidence pending any appeal that may occur.  The court will not do so.  The exhibits will be returned to the proffering party for purposes of appeal.

XXIII.  ESTIMATED TIME OF TRIAL/TRIAL DATE

Trial will not be set at this time.  A further scheduling conference is set for **February 25, 2022, at 1:30 p.m.**  Trial, when set, is anticipated to last 5 to 7 days.  The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.  In the event a new district judge is assigned to this action prior to trial, the parties are directed to such judge's standard procedures, if any, available on the court's website.

Counsel are to call Irma Munoz, courtroom deputy, at (559) 499-5682, one week prior to the to-be-set trial to ascertain the status of the trial date.

/////

### XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to noneorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed. In the event a new district judge is assigned to this action prior to this deadline, the parties shall use the email address for proposed orders set forth in any subsequent standing order, if any.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

### XXV. TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

### XXVI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

/////

/////

/////

/////

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated: **October 28, 2021**

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Melanie Ansolabehere

Stephen Grifka, M.D.

Kevin Aminian, M.D.

David Lechuga, Ph.D.

Jonathan Frank, M.D.

Kambiz Kashfian, DDS

Reginald Duncan

Andrea Money

1 **ATTACHMENT B**
2 Melanie Ansolabehere
3 Reginald Duncan
4 Andrea Money
5 Naomi Jimenez
6 Kenneth A. Solomon, Ph.D. (expert)
7 Ban Choi (expert)
8 Peter S. Bae, DDS (expert)
9 Geoffrey M. Miller, M.D (expert)
10 Philip Stenquist, Ph.D. (expert)
11 Shen Ye Wang, M.D. (expert)
12 Sarwa Aldoori, M.D. (expert)
13 Yakdan T. Al Qaisi, M.D. (expert)
14 Stephen Grifka, M.D. (expert)
15 Kevin Aminian, M.D. (expert)
16 David Lechuga, Ph.D. (expert)
17 Kambiz Kashfian, DDS (expert)
18 Jonathan Frank, M.D.
19 Robert Pair, PT (expert)
20 All such witnesses have been designated as providing in-person testimony.

**ATTACHMENT C**

None.

**ATTACHMENT D**

None.

**ATTACHMENT E**

1. Plaintiff's Discovery Responses and Exhibits, including Disclosures
2. Defendant's Discovery Responses and Exhibits, including Disclosures
3. Plaintiff's Medical and Billing records prior to and after the incident
4. Plaintiff's Deposition Transcript and Exhibits
5. David M. Lechuga, Ph.D's Deposition Transcript and Exhibits
6. Kevin A. Aminian, M.D.'s Deposition Transcript and Exhibits
7. Sarwa Aldoori, M.D.'s Deposition Transcript and Exhibits
8. Stephen P. Grifka, M.D.'s Deposition Transcript and Exhibits
9. Robert Pair, PT's Deposition Transcript and Exhibits.
10. Kenneth A. Solomon, Ph.D.'s Expert file and Material
11. Ban C. Choi, B.S.'s Expert File and Material
12. Philip Stenquist, Ph.D.'s Expert File and Material
13. Peter S. Bae, DDS's Expert File and Material
14. Shen Ye Wang, M.D.'s Expert File and Material
15. Geoffrey M. Miller, M.D.'s Expert File and Material